IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CHRISTIANA VENTURES, INC., and JOSEPH L. CAPANO,** | : | C.A. No. 05-0309 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **SELECTIVE WAY INSURANCE COMPANY, a/k/a SELECTIVE INSURANCE GROUP, INC.,** | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF SELECTIVE WAY INSURANCE COMPANY**

Selective Way Insurance Company ("Selective") answers plaintiffs' Complaint as follows:

1. Admitted that Christiana Ventures, Inc. is a Delaware corporation. Selective denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 1 of the Complaint.

2. Denied that Selective also is known as Selective Insurance Group, Inc. Admitted that Selective is licensed as an insurer in Delaware.

3. Admitted only that Selective issued policy S1352759 to White Oak, Inc. and that Christiana Ventures is listed as an additional insured.

4. Admitted that the Attorney General of the State of Delaware sued Christiana Ventures and Joseph Capano among others in September 1999. Denied that the suit was for property damage. By way of further answer the allegations of the Attorney General's complaint were for misrepresentations and alleged violations of the Consumer Fraud and Deceptive Trade Practices Acts. Admitted that a copy of the Attorney General's complaint is attached to the

54046.1

Complaint.

    5.    Denied.

    6.    Denied as stated. Subject to the performance of all the policy's terms and conditions, the limits of liability and any exclusions, Selective agrees "to pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

    7.    Denied as stated. Subject to the performance of all the policy's terms and conditions, the limits of liability and any exclusions, Selective agrees "defend any 'suit' seeking [damages for 'bodily injury' and 'property damage' as defined in the policy]." Again, subject to the performance of all the policy's terms and conditions, the limits of liability and any exclusions, it also agrees "to pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

    8.    Denied.

    9.    Admitted that Selective denied coverage. Admitted that one of the denial letters is attached.

    10.    The first sentence is denied. Admitted that the second sentence correctly quotes the statute. The remaining allegations are denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Denied.

54046.1

**FIRST DEFENSE**

Joseph L. Capano is not an insured because the underlying complaint does not allege that he was an executive officer or director of Christiana Ventures, Inc., the underlying complaint does not allege that he was acting as an officer or director of Christiana Ventures, Inc. and he was not in fact acting as an officer and director of Christiana Ventures, Inc. at the time he allegedly made the misrepresentations and allegedly performed the violations of the Consumer Fraud Act and Deceptive Trade Practices Act that are alleged in the underlying complaint.

**SECOND DEFENSE**

The underlying action does not allege an "occurrence" as defined by the policy or policies.

**THIRD DEFENSE**

The underlying action does not allege "property damage" as defined by the policy or policies.

**FOURTH DEFENSE**

To the extent the underlying action alleges property damage it alleges property damage to "your work" and is therefore excluded by exclusions j(6) and (l).

**FIFTH DEFENSE**

The claim is barred by the applicable statute of limitations.

**SIXTH DEFENSE**

The policy or policies provide no coverage for payments not made "as damages."

**SEVENTH DEFENSE**

The policy or policies provide no coverage for fraud or intentional misrepresentation.

54046.1

**EIGHTH DEFENSE**

The policy or policies provide no coverage for fines, penalties or punitive damages.

**NINTH DEFENSE**

The policy or policies provide no coverage for property damage expected or intended from the standpoint of the insured.

**TENTH DEFENSE**

The policy or policies provide no coverage for property damage to real property on which the insured or its subcontractors are performing operations if the property damage arises out of those operations.

**ELEVENTH DEFENSE**

The policy or policies provide no coverage for property damage to "impaired property" as defined by the policy, or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in the work of the insured or a delay by the insured or anyone working on behalf of the insured to perform a contract according to its terms.

**TWELFTH DEFENSE**

The policy or policies exclude damages claimed for any loss, cost or expense incurred by the loss of use, withdrawal, recall, inspection, repair, replacement adjustment, removal or disposal of "your work," as defined by the policy.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred to the extent that the alleged property damage occurred prior to the inception or after the expiration of the policy periods of the policy or policies.

WHEREFORE, Selective requests that plaintiffs' complaint be dismissed, with costs.

54046.1

**MURPHY, SPADARO & LANDON**

/s/ Jonathan L. Parshall
Jonathan L. Parshall (#3247)
1011 Centre Road, Suite 210
Wilmington, DE  19805
(302) 472-8106
Attorney for Defendant Selective
Way Insurance Company

Date:   May 20, 2005

54046.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CHRISTIANA VENTURES, INC.,** and **JOSEPH L. CAPANO,** | : | C.A. No. 05-0309 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **SELECTIVE WAY INSURANCE COMPANY, a/k/a SELECTIVE INSURANCE GROUP, INC.,** | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Jonathan L. Parshall, Esquire, do hereby certify that on this 20th day of May, 2005, two copies of the foregoing **ANSWER OF SELECTIVE WAY INSURANCE COMPANY** were delivered via the means indicated upon the following individual(s):

**BY HAND**
Richard H. Cross, Jr., Esquire
Cross & Simon, LLC
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE  19899-1380

                                             **MURPHY, SPADARO & LANDON**

                                             /s/ Jonathan L. Parshall
                                             Jonathan L. Parshall (#3247)
                                             1011 Centre Road, Suite 210
                                             Wilmington, DE  19805
                                             (302) 472-8106
                                             Attorney for Defendant Selective Way Insurance Company

54046.1