IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

> Deleted: SUPERIOR COURT OF THE STATE OF DELAWARE
> Deleted: IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| CHRISTIANA VENTURES, INC., and JOSEPH CAPANO )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SELECTIVE WAY INSURANCE COMPANY a/k/a SELECTIVE INSURANCE GROUP INC, and ONE BEACON INSURANCE, )<br>)<br>Defendants. ) | C. A. No. 05-0309 KAJ |

## AMENDED COMPLAINT

Plaintiffs, by and through undersigned counsel, allege as follows:

1. Plaintiff Christiana Ventures, Inc. ("Christiana Ventures") is a Delaware Corporation. Plaintiff Joseph Capano is an officer and director of Christiana Ventures (collectively, the "Plaintiffs").

2. Upon information and belief, Defendant, Selective Way Insurance Company is also known as Selective Insurance Group ("Selective"). Selective is licensed as an insurance company in the State of Delaware.

> Formatted: Bullets and Numbering

3. Upon information and belief, Defendant, One Beacon Insurance ("One Beacon") is the parent company of General Accident Insurance and responsible for any liabilities under the policies identified herein. Upon further information and belief, One Beacon is a Pennsylvania corporation.

4. Selective issued one or more insurance policies, including insurance policy number S1352759 to White Oak, Inc., under which Christiana Ventures is a named

insured or additional insured.  A copy of insurance policy S1352759 is attached hereto and incorporated herein.

> Deleted: (the "Policy")

5.   One Beacon issued one or more insurance policies, including insurance policy numbers 1176871, 167862-00, and 167862-01.  A copy of the foregoing insurance policies are attached hereto and incorporated herein.

6.   In September 1999, the Attorney General of the State of Delaware filed a complaint against, inter alia, Christiana Ventures and Mr. Joseph Capano on behalf of certain homeowners for property damage to their homes (the "Complaint").  A copy of the Complaint is attached hereto and incorporated herein.

7.   The Complaint alleges the Plaintiffs therein were negligent or intentional in selling homes which caused property damages.

8.   The coverage contained in the policies issued by each of the Defendants provides coverage for those sums that the insured becomes legally obligated to pay as damages because of "property damage" to which the insurance applies.

> Deleted: Policy
> Deleted: in

9.   Under the terms of the policies, each Defendant is obligated to defend any lawsuit brought against Plaintiffs for property damage and to pay on behalf of Plaintiffs any damages awarded against them up to the amount of the property damage liability coverage.

> Deleted: Policy

10.   At all times relevant hereto, Plaintiffs have complied with all policy provisions of the aforementioned policies issued by each Defendant, including all conditions precedent to each Defendant's obligation to defend any lawsuit for damages arising against Plaintiffs and to make payment of any damages prayed for against

> Deleted: Policy
> Deleted: provided
> Deleted: '

Plaintiffs should they be awarded, up to the amount of the property damage liability coverage.

11. Upon demand to provide same, Selective has declined coverage under the respective contract of insurance. A copy of the denial letter is attached hereto.

12. The Selective denial letter does not comply with the notice provisions of 18 *Del. C.* §3914. That code section provides:

> An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state statute of limitations regarding action for his/her damages. 18 *Del. C.* §3914

Accordingly, because Defendant did not provide prompt and timely written notice of the statute of limitations, the statute of limitations does not apply. *See*, *Lankford v. Richter*, Del. Supr. 570 A.2d 1148 (1990).

13. One Beacon has also declined coverage under the aforementioned respective contracts of insurance.

14. Defendants have wrongfully denied coverage in the underlying action, *State of Delaware v. Wellington Homes, Inc., et al.*, C.A. No. 99C-0-168 (JTV).

15. Defendants unreasonably and wrongfully refuse to defend Plaintiffs in the underlying action, *State of Delaware v. Wellington Homes, Inc., et al.*, C.A. No. 99C-0-168 (JTV).

16. As a result of each Defendant's failure to abide by their legal and contractual obligations, Plaintiffs have been forced to retain counsel and incur attorney's fees and will continue to incur attorney's fees in the defense of the underlying action,

*State of Delaware v. Wellington Homes, Inc., et al.*, C.A. No. 99C-0-168 (JTV), until its final resolution.

17. As a further result of each Defendant's failure to abide by their legal and contractual obligations, Plaintiffs have incurred expenses and will continue to incur expenses in the defense of the underlying case, *State of Delaware v. Wellington Homes, Inc., et al.*, C.A. No. 99C-0-168 (JTV).

18. Plaintiffs are entitled to a declaratory judgment pursuant to 10 *Del. C.* §6501, *et seq.* as well as punitive damages for Defendant's bad faith refusal to defend.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court

(1) declare that one or both of the Defendants is obligated to defend Plaintiffs in *State of Delaware v. Wellington Homes, Inc., et al.*, C.A. No. 99C-0-168 (JTV);

(2) declare that one or both of the Defendants is obligated to reimburse Plaintiff for attorney's fees and expenses incurred to date in defending *State of Delaware v. Wellington Homes, Inc., et al.*, C.A. No. 99C-0-168 (JTV);

(3) declare that one or both the Defendants is obligated to pay any damages awarded against Plaintiff's in *State of Delaware v. Wellington Homes, Inc., et al.*, C.A. No. 99C-0-168 (JTV) up to the amount of the property damage liability coverage;

(4) award to Plaintiffs punitive damages;

Deleted: '

  (5) award such other and further relief as is just and proper.

Dated: November 4, 2005
   Wilmington, Delaware

**Deleted:** November 3, 2005
**Inserted:** November 3, 2005
**Deleted:** November 2, 2005

      CROSS & SIMON, LLC


    By:_____
     Richard H. Cross, Jr. (No. 3576)
     Amy Evans (No. 3829)
     913 North Market Street, 11th floor
     P.O. Box 1380
     Wilmington, Delaware 19899-1380
     (302) 777-4200
     (302) 777-4224 (Facsimile)

     *Counsel for Christiana Ventures, Inc.*
     *and Joseph Capano*