IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTIANA VENTURES, INC., and : <br> JOSEPH L. CAPANO, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> SELECTIVE WAY INSURANCE : <br> COMPANY, a/k/a SELECTIVE : <br> INSURANCE GROUP, INC., : <br> and ONEBEACON INSURANCE, : <br> : <br> Defendants. : | C.A. No. 05-0309 (KAJ) |

ANSWER OF SELECTIVE WAY INSURANCE COMPANY
TO THE AMENDED COMPLAINT AND CROSS-CLAIM

Selective Way Insurance Company ("Selective") answers plaintiffs' Complaint as follows:

1. Admitted that Christiana Ventures, Inc. is a Delaware corporation. Selective denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 1 of the Complaint.

2. Denied that Selective also is known as Selective Insurance Group, Inc. Admitted that Selective is licensed as an insurer in Delaware.

3. Selective denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

4. Admitted only that Selective issued policy S1352759 to White Oak, Inc. and that Christiana Ventures is listed as an additional insured.

5. Selective denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

54046.1

6. Admitted that the Attorney General of the State of Delaware sued Christiana Ventures and Joseph Capano among others in September 1999. Denied that the suit was for property damage. By way of further answer the allegations of the Attorney General's complaint were for misrepresentations and alleged violations of the Consumer Fraud and Deceptive Trade Practices Acts. Admitted that a copy of the Attorney General's complaint is attached to the Complaint.

7. Denied.

8. Denied as stated. Subject to the performance of all the policy's terms and conditions, the limits of liability and any exclusions, Selective agrees "to pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

9. Denied as stated. Subject to the performance of all the policy's terms and conditions, the limits of liability and any exclusions, Selective agrees "defend any 'suit' seeking [damages for 'bodily injury' and 'property damage' as defined in the policy]." Again, subject to the performance of all the policy's terms and conditions, the limits of liability and any exclusions, it also agrees "to pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

10. Denied.

11 Admitted that Selective denied coverage. Admitted that one of the denial letters is attached.

12. The first sentence is denied. Admitted that the second sentence correctly quotes the statute. The remaining allegations are denied.

54046.1

13. Selective denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

14. Denied

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## FIRST DEFENSE

Joseph L. Capano is not an insured because the underlying complaint does not allege that he was an executive officer or director of Christiana Ventures, Inc., the underlying complaint does not allege that he was acting as an officer or director of Christiana Ventures, Inc. and he was not in fact acting as an officer and director of Christiana Ventures, Inc. at the time he allegedly made the misrepresentations and allegedly performed the violations of the Consumer Fraud Act and Deceptive Trade Practices Act that are alleged in the underlying complaint.

## SECOND DEFENSE

The underlying action does not allege an "occurrence" as defined by the policy or policies.

## THIRD DEFENSE

The underlying action does not allege "property damage" as defined by the policy or policies.

54046.1

**FOURTH DEFENSE**

To the extent the underlying action alleges property damage it alleges property damage to "your work" and is therefore excluded by exclusions j(6) and (l).

**FIFTH DEFENSE**

The claim is barred by the applicable statute of limitations.

**SIXTH DEFENSE**

The policy or policies provide no coverage for payments not made "as damages."

**SEVENTH DEFENSE**

The policy or policies provide no coverage for fraud or intentional misrepresentation.

**EIGHTH DEFENSE**

The policy or policies provide no coverage for fines, penalties or punitive damages.

**NINTH DEFENSE**

The policy or policies provide no coverage for property damage expected or intended from the standpoint of the insured.

**TENTH DEFENSE**

The policy or policies provide no coverage for property damage to real property on which the insured or its subcontractors are performing operations if the property damage arises out of those operations.

**ELEVENTH DEFENSE**

The policy or policies provide no coverage for property damage to "impaired property" as defined by the policy, or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in the work of the insured or a delay by the insured or anyone working on behalf of the insured to perform a contract according to its

54046.1

terms.

## TWELFTH DEFENSE

The policy or policies exclude damages claimed for any loss, cost or expense incurred by the loss of use, withdrawal, recall, inspection, repair, replacement adjustment, removal or disposal of "your work," as defined by the policy.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that the alleged property damage occurred prior to the inception or after the expiration of the policy periods of the policy or policies.

WHEREFORE, Selective requests that plaintiffs' complaint be dismissed, with costs.

## CROSS-CLAIM AGAINST DEFENDANT ONEBEACON INSURANCE

Selective denies any liability to plaintiffs. If, however, Selective is found to be liable to plaintiffs, it is entitled to contribution from OneBeacon Insurance on the grounds that an insurer is entitled to contribution from a co-insurer who insures the same insured for the same risk and OneBeacon insured one or more plaintiffs for the same risks as Selective.

MURPHY, SPADARO & LANDON

/s/ Jonathan L. Parshall
Jonathan L. Parshall (#3247)
1011 Centre Road, Suite 210
Wilmington, DE  19805
(302) 472-8106
Attorney for Defendant Selective
Way Insurance Company

Date:  December 7, 2005

54046.1

## CERTIFICATE OF SERVICE

    I, Jonathan L. Parshall, Esquire, do hereby certify that on this 7th day of December, 2005, I electronically filed with the Clerk of the Court **ANSWER OF SELECTIVE WAY INSURANCE COMPANY TO THE AMENDED COMPLAINT AND CROSS-CLAIM** using CM/ECF which will send notification of the filing to the following:

Amy Evans, Esquire
Cross & Simon, LLC
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, DE  19899-1380

I hereby certify that on December 7, 2005, I have served by hand delivery the documents to the following non-registered participants:

Frank E. Noyes, II
White & Williams, LLP
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709


                                                **MURPHY, SPADARO & LANDON**

                                                /s/ Jonathan L. Parshall
                                                Jonathan L. Parshall (#3247)
                                                1011 Centre Road, Suite 210
                                                Wilmington, DE  19805
                                                (302) 472-8106
                                                Attorney for Defendant Selective Way Insurance Company

54046.1