# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTIANA VENTURES, INC. and JOSEPH L. CAPANO, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION 05-0309 (KAJ) |
| | : | |
| v. | : | |
| | : | |
| SELECTIVE WAY INSURANCE COMPANY, a/k/a SELECTIVE INSURANCE GROUP, INC. and ONEBEACON INSURANCE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, NOW KNOWN AS ONEBEACON INSURANCE COMPANY, AND ONEBEACON INSURANCE COMPANY AS TRANSFEREE OF POTOMAC INSURANCE COMPANY OF ILLINOIS, WITH AFFIRMATIVE DEFENSES, CROSSCLAIM AND RESPONSE TO CROSSCLAIM**

AND NOW comes defendant General Accident Insurance Company, now known as OneBeacon Insurance Company, and OneBeacon Insurance Company, as transferee of Potomac Insurance Company of Illinois (hereinafter "OneBeacon"), which was incorrectly identified in the Amended Complaint, and states for its Answer as follows:

1.      Admitted on information and belief.

2.      After reasonable investigation, OneBeason is without knowledge and information sufficient to form a belief as to the truth of the matters averred in paragraph 2 of the Complaint and they are, therefore, denied.

3.      Admitted in part and denied in part.  It is denied that OneBeacon Insurance Company is the parent of General Accident Insurance Company.  To the contrary, OneBeacon Insurance Company is the successor to General Accident Insurance Company.  It is further

denied that OneBeacon is responsible for "any liabilities under the policies identified" in the Amended Complaint in its capacity as successor to General Accident. To the contrary, the only policies identified in and attached to the Amended Complaint that were issued by General Accident are policy CUB 0167862-00 and CUB 0167862-01, attached as exhibits 5 and 8 respectively (hereinafter the "General Accident policies"). OneBeacon is responsible for any liabilities under these two policies in its capacity as successor to General Accident. It is admitted that OneBeacon is a Pennsylvania corporation.

4.      It is admitted that a document purporting to be an insurance policy from Selective Insurance Company is attached to the Complaint. The policy, being a writing, speaks for itself.

5.      Denied as stated. Policy CPP1176871-00, attached as exhibit 7 of the Amended Complaint (hereinafter the "Potomac policy"), was issued by Potomac Insurance Company of Illinois. For purposes of that policy, OneBeacon Insurance Company is transferee of Potomac Insurance Company of Illinois. Policy CUB 0167862-00, and its renewal, CUB 0167862-01, were issued by General Accident Insurance Company of America, now known as OneBeacon Insurance Company. The policies attached to plaintiff's Amended Complaint as Exhibits 5, 7 and 8 speak for themselves, and any characterization of their terms is denied.

6.      Admitted.

7.      Denied as stated. The Complaint filed by the State of Delaware, which is attached as Exhibit 2 to the Amended Complaint, speaks for itself. OneBeacon denies any characterizations of the allegations in that Complaint.

8.      Denied as stated. Although the Potomac policy contains a coverage designated as "property damage," that coverage is subject to the limits of the insuring agreement, conditions, exclusions and other terms set forth in each policy. Although the General Accident policies

include property damages, that coverage is subject to the limits of the respective insuring agreements, conditions, exclusions and other terms set forth in those policies, and in applicable underlying coverage.  It is denied that the "property damage" coverage incorporated into the General Accident policies and the Potomac policy was triggered by the Complaint filed against the insureds by the State of Delaware.

9.     Denied.  To the contrary, the General Accident policies are excess/umbrella policies that do not include any duty to defend.

10.     Denied.

11-12. The allegations in these paragraphs are directed solely at a defendant other than answering defendant, and no response is required.

13.     Admitted.

14.     Denied.

15.     Denied.

16.     Admitted in part and denied in part.  It is admitted only that the plaintiffs have retained counsel and incurred attorney's fees in defense of the underlying action.  It is denied that plaintiffs ever requested that a defense in the underlying lawsuit be provided under the General Accident policies.  It is further denied that OneBeacon has failed to comply with any legal or contractual obligations to the plaintiffs under the General Accident policies or the Potomac policy.

17.     Denied.

18.     Denied.

**WHEREFORE**, answering defendant General Accident Insurance Company, now known as OneBeacon Insurance Company, and OneBeacon Insurance Company, as transferee of

Potomac Insurance Company of Illinois, requests judgment in its favor and against plaintiffs and that the Court declare that OneBeacon has not violated any obligation due and owing to the plaintiffs, and that judgment be entered in favor of OneBeacon together with costs, and such other relief as the Court may deem just and fair.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state any claim against OneBeacon for which relief may be granted, and fails to state any claim under the General Accident policies or under the Potomac policy for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state the existence of an actual, justiciable controversy with respect to General Accident, which would be ripe for adjudication by the Court.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed to the extent Plaintiffs have failed to join all necessary and/or indispensable parties in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred to the extent precluded by the applicable statute of limitation and/or by waiver, estoppel, latches and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Coverage does not exist under the General Accident policies or under the Potomac policy to the extent that the events which give rise to the claims asserted in the underlying action filed against plaintiffs by the State of Delaware do not constitute an "occurrence" or "accident" within the meaning of those policies.

DOCS_DE 121791v.1

## SIXTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that the alleged underlying claims arose out of the insureds' actions performed before the inception of coverage under the General Accident policies or the Potomac policy.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the underlying action do not constitute claims for damages on account of any "bodily injury," "property damage" or "personal injury" as defined in the General Accident policies or the Potomac policy.

## EIGHTH AFFIRMATIVE DEFENSE

"Property damage" or "bodily injury" coverage under the General Accident policies and the Potomac policy does not exist because the claims described in the Amended Complaint may have been expected or intended from the standpoint of the insureds.

## NINTH AFFIRMATIVE DEFENSE

To the extent that the underlying action involves "property damage", it involves property damage arising from "your product" or "your work", and is therefore excluded by the General Accident policies and the Potomac policy.

## TENTH AFFIRMATIVE DEFENSE

Coverage for the underlying claims is barred to the extent such claims involve "personal injury" excluded from coverage under the General Accident policies and the Potomac policy, including but not limited to any such injury: (1) arising out of oral or written publication of material done by or at the direction of the insured with knowledge of its falsity; (2) arising out of oral or written publication of material whose first publication took place before the beginning of the policy period; (3) arising out of the willful violation of a penal statute or ordinance

committed by or with the consent of the insured; and (4) for which the insured has assumed liability in any contract or agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that any other valid or collectible insurance is available to plaintiffs for the underlying claims, the Potomac policy applies (if at all, which OneBeacon denies) only to the extent provided by the "other insurance" or similar provisions contained or incorporated within the Potomac policy.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the underlying claims seek statutory penalties, fines and/or punitive or exemplary damages, coverage for such is barred under the terms of the General Accident policies and the Potomac policy allegedly at issue and/or by applicable public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under the General Accident policies and the Potomac policy is precluded to the extent barred by the insured's failure to comply with the condition precedent to coverage under those policies, which requires, among other things, that the insured give timely notice of alleged claims, occurrences, offenses or suits.

## FOURTEENTH AFFIRMATIVE DEFENSE

Coverage under the General Accident policies and the Potomac policy is barred to the extent the insured or any other party has voluntarily made any payments, assumed any obligations or incurred any expenses, relating to the alleged underlying claim, in breach of the terms and conditions of the those polices.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that the insureds failed to mitigate and/or avoid any of the alleged losses sustained in connection with the underlying action and purported defense thereof, OneBeacon is not obligated to reimburse or indemnify plaintiffs for such losses.

## SIXTEENTH AFFIRMATIVE DEFENSE

Coverage for the underlying claims is barred to the extent the insureds failed to disclose or misrepresented or concealed facts that were material to the risks undertaken in the General Accident policies and the Potomac policy for purposes of inducing the issuance, modification by endorsement, and/or renewal of the General Accident policies and the Potomac policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage under the General Accident policies is not available and not implicated to the extent that Plaintiffs have not tendered to and exhausted underlying coverage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The General Accident policies follow the form of underlying coverage, and General Accident is therefore entitled to and does assert all available defenses under the underlying coverage by reference.

## NINETEENTH AFFIRMATIVE DEFENSE

Any alleged liability under the General Accident policies would be subject to applicable deductibles, retentions, retained limits and retrospective premiums contained in the policies. To the extent that the underlying claims do not exceed any deductible, self-insured retention or retained limit of the insured, OneBeacon would have no obligation to defend, indemnify or reimburse the insureds in connection with the underlying claims.

DOCS_DE 121791v.1

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that the policy limits under the General Accident policies and Potomac policy have been exhausted, OneBeacon has been relieved of any obligations otherwise existing under such policy or policies.  To the extent that the insured may have failed to comply with the express or implied policy conditions that the insured cooperate with the insurer, OneBeacon has no obligation to defend, indemnify or reimburse plaintiffs.

### TWENTY FIRST AFFIRMATIVE DEFENSE

To the extent that the Amended Complaint does not describe the underlying claims with sufficient particularity to enable OneBeacon to determine all of its legal, contractual and equitable defenses, OneBeacon reserves the right to amend and/or supplement its answer and/or affirmative defenses to assert any and all pertinent defenses ascertained through discovery in this action.

### TWENTY SECOND AFFIRMATIVE DEFENSE

The General Accident policies and the Potomac policy do not provide coverage for fraud or intentional misrepresentation.

WHEREFORE, Answering Defendant General Accident Insurance Company of America, now known as OneBeacon Insurance Company, and OneBeacon Insurance Company, as transferee of Potomac Insurance Company of Illinois, respectfully requests judgment in its favor and against plaintiffs as follows:

(a)    that the Court enter an Order declaring that:

      (1)    OneBeacon has no obligation to defend, indemnify or reimburse plaintiffs or any other party in connection with any of the claims asserted in this action or the underlying action;

DOCS_DE 121791v.1

      (2)     OneBeacon has no duty to pay any attorneys' fees or costs incurred by plaintiffs in defense of the underlying action, or in this coverage litigation; and

      (3)     OneBeacon has no duty to fund any settlement of the underlying action or any judgment entered therein.

    (b)     that the Court enter an Order dismissing the Amended Complaint with prejudice; and

    (c)     that OneBeacon be awarded its costs, including reasonable attorneys' fees, and such other and further relief as the Court in its discretion deems appropriate.

## CROSSCLAIM

Answering Defendant OneBeacon Insurance Company, as transferee of Potomac Insurance Company of Illinois, denies any and all liability.  However, if OneBeacon is found to be liable to plaintiffs, it is entitled to contribution from Selective Way Insurance company on the grounds that an insurer is entitle to contribution from a co-insurer who insures the same insured for the same risk, and Selective insured one or more plaintiffs for the same risks as OneBeacon.

## RESPONSE TO CROSSCLAIM

Answering defendant General Accident Insurance Company of America, now known as OneBeacon Insurance Company, and OneBeacon Insurance Company, as transferee of Potomac Insurance Company of Illinois, denies liability under the crossclaim of defendant Selective Way Insurance Company.

WHITE AND WILLIAMS LLP

BY: _____

Frank E. Noyes, II (#3988)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302.467.4511
Facsimile: 302.467.4556
*Attorneys for General Accident Insurance Company of America, now known as OneBeacon Insurance Company, and OneBeacon Insurance Company, as transferee of Potomac Insurance Company of Illinois*

Dated: February 22, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CHRISTIANA VENTURES, INC. and JOSEPH L.  :  CIVIL ACTION
CAPANO,                                :
                                       :  05-0309 (KAJ)
                   Plaintiffs,         :
                                       :
        v.                             :
                                       :
SELECTIVE WAY INSURANCE COMPANY,       :
a/k/a SELECTIVE INSURANCE GROUP, INC. and :
ONEBEACON INSURANCE,                   :
                                       :
                   Defendants.         :

## <u>CERTIFICATE OF SERVICE</u>

I, Frank E. Noyes, Esquire, hereby certify that on this 22d day of February, 2006, I

caused a true and correct copy of the **Answer of General Accident Insurance Company of**

**America, now known as OneBeacon Insurance Company, and OneBeacon Insurance**

**Company, as transferee of Potomac Insurance Company of Illinois, with Affirmative**

**Defenses, Crossclaim and Response to Crossclaim,** to be served upon the following by E-

filing and by First Class Mail, postage prepaid:

Amy Evans, Esquire                     Jonathan L. Parshall, Esquire
Cross & Simon, LLC                     Murphy, Spadaro & Landon
913 N. Market Street, 11th Floor       1011 Centre Road, Suite 210
P. O. Box 1380                         Wilmington, DE 19805
Wilmington, DE 19899-1380

_____
Frank E. Noyes, II (#3988)